UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN SANTOS and TODD UJIFUSA | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:20-cv-00851 |
| ASHLAR MEDICAL LLC and DAVID WASKOM | § § § | |
| Defendants. | § § | (JURY TRIAL) |

## PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW, Plaintiffs, JUAN SANTOS and TODD UJIFUSA ("Plaintiffs"), and complains of Defendants ASHLAR MEDICAL, LLC, and DAVID WASKOM ("Defendants") and respectfully shows this Court as follows:

### I.
### THE PARTIES

1. Juan Santos is an individual residing in Texas at 2006 Sandy Lake Dr., Friendswood 77546.

2. Todd Ujifusa is an individual residing in Washington at 2830 116th Dr. SE, Lake Stevens, WA. 98248.

3. Ashlar Medical, LLC, is Louisiana Limited Liability Corporation. It may be served with process through its registered agent, David Waskom, at 816 University Parkway, Suite A, Natchitoches, LA 71457, or wherever he may be found.

4.     David Waskom is a resident of Louisiana. He may be served at 816 University Parkway, Suite A, Natchitoches, LA 71457, or wherever he may be found.

## II.
## JURISDICTION AND VENUE

5.     This Court has subject-matter jurisdiction over Plaintiffs' claims, as those claims are brought under Fair Labor Standards Act (FLSA or the Act), 29 U.S.C. §§ 201–219 for failure to pay wages.

6.     Additionally, this Court has subject-matter jurisdiction over Plaintiffs' claim, pursuant to 28 U.S.C. § 1332. This case involves diversity of citizenship, and the claims exceed $75,000.00.

7.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2).

## III.
## FACTUAL BACKGROUND

8.     Plaintiffs are former employees of Defendant Ashlar Medical, LLC. Defendant Waskom is the person in charge of Ashlar Medical's decisions regarding payment of wages and other sums or benefits to Ashlar Medical's employees.

9.     Both Plaintiffs terminated their employment relationships with Ashlar Medical, in part because Ashlar Medical was consistently behind in paying its employees and was failing to timely pay for Plaintiffs' contractual benefits, specifically including health care insurance.

10.    At the time of termination, Defendant Ashlar Medical owed Plaintiff Santos the following sums:

209 hours of vacation ($10,263.99 [$49.11/hr.]);

536.65 hours of K-time ($26,354.88 [$49.11/hr.]);

Oct. 2019 reimbursable expenses of $786.94;

Nov. 2019 reimbursable expenses of $560.35;

Dec. 2019 reimbursable expenses of $419.82;

unpaid insurance bills of $628.00;

unpaid salary for 15 days ($4,125.00);

and unpaid commissions for Dec. 2019 (unknown)

11. The total known amount owed is $43,138.98, but with the December 2019 commissions, the sum will be larger.

12. At the time of termination, Defendant Ashlar Medical owed Plaintiff Ujifusa the following sums:

187.75 hours of vacation ($7,868.60 [$41.91/hr.]);

653.99 hours of K-time ($27,408.72 [$41.91/hr.]);

Oct. 2019 reimbursable expenses of $2,917.32;

Nov. 2019 reimbursable expenses of $1,501.61;

Dec. 2019 reimbursable expenses of $1,291.93;

unpaid insurance bills of $1,823.40;

unpaid salary for 21 days ($5,281.24);

unpaid commissions for Dec. 2019 (unknown);

and unpaid commissions for Jan. 2020 ($1,949.25).

13. The total known amount owed is $50,042.07, but with the December 2019 commissions, the sum will be larger.

14. As person in charge of Ashlar Medical's decisions regarding payment of

wages and other sums or benefits to Ashlar Medical's employees, Defendant Waskom is individually liable for his actions to deprive Plaintiffs of their earned wages.

## IV.
## CAUSES OF ACTION

### Count 1:
### Violations of Fair Labor Standards Act
### (FLSA or the Act), 29 U.S.C. §§ 201–219

15.  Plaintiffs repeats the allegations in Paragraphs 1 through 14 of its Original Complaint as if fully set forth herein.

16.  Plaintiffs' claims are simple. Plaintiffs worked for Defendants, and Defendant agreed to pay wages and other benefits to Plaintiffs. Defendants did not pay Plaintiffs, and that failure is a violation of the FLSA.

17.  Plaintiffs are entitled to their unpaid wages.

18.  Plaintiffs are entitled to liquidated damages under the FLSA, as Defendants knowingly and willfully disregarded their obligations to pay Plaintiffs.

19.  Plaintiffs are entitled to their attorney's fees and costs as required by the FLSA.

### Count 2:
### Breach of Contract

20.  Plaintiffs repeat the allegations in Paragraphs 1 through 19 of its Original Complaint as if fully set forth herein.

21.  Plaintiffs had valid contracts with Defendant Ashlar Medical, which Defendant breached. Such breaches caused harm to Plaintiffs in the amounts detailed above. Plaintiffs seek their monetary damages caused by such breached.

22.     Further, such breaches caused Plaintiffs to retain counsel and file this lawsuit, and Defendants are liable for Plaintiffs' attorney's fees and costs.

## V.
## CONDITIONS PRECEDENT

23.     Plaintiffs generally aver that all conditions precedent to its rights of recovery have occurred or have been performed, or have been waived or excused by Defendants.

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendants be cited to appear and answer, and demands the following relief:

a.  Plaintiffs' actual damages;

b.  Liquidated damages under the FLSA;

c.  Attorney's fees and costs of court;

d.  Pre-judgment and post-judgment interest;

e.  Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**STROTHER LAW FIRM**

_____
Justin Strother
State Bar No.: 24008100
Southern District Bar No. 27331
2429 Bissonnet, Suite 35
Houston, Texas 77005
713.545.4937
jstrother@strotherlawfirm.com

ATTORNEY FOR PLAINTIFFS